### GUERNSEY et al. v. VAN RIPER.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

WILLS—CONSTRUCTION—ESTATE CREATED—LIFE ESTATES—DISPOSAL OF FEE—POWER OF DEVISEE.

Testatrix devised the life use of certain premises to her granddaughter, and, upon the granddaughter's death, to her issue, and, in default of any such issue, then to the sister of such granddaughter for life, with the fee to the sister's issue, and, if both the granddaughters should die without issue, the fee should go to a specified third person. *Held* that, though the third person died before the testatrix, the granddaughters, who were both unmarried and under 25 years of age, had only a life estate in the premises, and hence did not have a marketable title so that they could dispose of the fee.

Submission of controversy as to the construction of a will between Carrie C. Guernsey and another, plaintiffs, and Dennis C. Van Riper, defendant. Judgment for defendant.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Francis B. Sanford, for plaintiffs.
Brewster & Farries, for defendant.

WOODWARD, J. This action is to determine whether the plaintiffs are in a position to give a marketable title to certain real estate situated on Depew avenue, at Nyack, N. Y. Sarah Cokalete died in the month of September, 1896, leaving a last will and testament. By the terms of this will she gave to the plaintiff Carrie C. Guernsey the life use of the premises involved in this action, and provided that:

"Upon the death of my said grandchild, Carrie C. Guernsey, I give, devise and bequeath the said house and lot * * * to her issue, if any then surviving, and in default of any such issue, then to her sister Sadie F. Guernsey, should she be living, for and during the term of her natural life only. And upon the death of the said Sadie F. Guernsey, leaving issue, then I give and devise the same to such issue in fee. Should both of my said grandchildren die without issue surviving, then I give and devise the said houses and lots to Margaret Hoffman, of Yonkers, N. Y., to have and to hold the same in fee simple absolute."

Margaret Hoffman died prior to the death of the testatrix, so that there is no question relating to her; and the plaintiffs, who

are both unmarried and under 25 years of age, have attempted to sell the premises. The question presented is whether they can give good title, and it hardly seems open to debate that this question must be answered in the negative. The plaintiffs in no event have any title under this will, except to life estates, and the question of who shall take the premises at the termination of the life estates depends upon the contingency of children being born to one or both of the plaintiffs. If no children are born to Carrie C. Guernsey, or if none survive her, the next life estate goes to her sister, and, if the latter die without issue surviving, then there is no disposition of the fee, and it would go to the then heirs at law of the testatrix. But, in no event, could the title vest in the plaintiffs under the will. While it is true that in an action brought for the purpose of securing a construction of this will it was held that the plaintiffs took as heirs at law and not under the will, there was no adjudication that the will was void; and, the unborn issue of the plaintiffs not having been parties, no way suggests itself by which they could be estopped to assert title in themselves if the future should see them brought into being, and they should survive the life estates in the manner pointed out in the will. The testatrix had a perfect right to give life estates in her property. She had a perfect right to vest the fee in the surviving issue of her grandchildren, even though they were not then in being; and, having done so, there can be no justification in law, so far as we are able to discover, for holding that the plaintiffs, with life estate interests, can convey the fee in any manner whatever. They are strangers to the fee title, and in the nature of things must continue to be, for it can never be determined, until death intervenes, whether the fee passes under the will, or by operation of law.

The defendant, under the stipulation, is entitled to judgment.

Judgment for defendant on submission of controversy, without costs. All concur.